UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. SCHNEIDMILLER, | ) | CASE NO. 4:12CV1971 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| AMERICAN ARBITRATION | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On July 31, 2012, Plaintiff *pro se* Gary D. Schneidmiller filed this "Petition for Writ of Prohibition" against the American Arbitration Association ("AAA"), challenging a June 20, 2012 arbitration award (the "Award") rendered pursuant to an arbitration clause in a contract to which he was a party. Mr. Schneidmiller apparently seeks an order vacating the Award.

A writ of prohibition "is a drastic and extraordinary remedy" and is available only when a petitioner can demonstrate the right to it is "clear and indisputable." *In re Vargas*, 723 F.2d 1461 (10th Cir. 1983). It is employed only "in exceptional circumstances amounting to a judicial usurpation of power." *Union Light, Heat and Power Co. v. United States District Court*, 588 F.2d 543, 544 (6th cir. 1978).

Assuming, for the sake of argument, that there is ever a basis for a district court to issue a writ of prohibition against an arbitrator, this would not be such an instance. The Award has already issued and the AAA has completed its task. There is no further

action by the AAA that this Court could now prohibit. Thus, given the most liberal construction, the Petition does not set forth even an arguable claim for relief in prohibition. This petition is, therefore, appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Dismissal of the instant petition is appropriate for two additional reasons. First, challenges to arbitration awards must be made under 9 U.S.C. § 12, which permits the filing of a motion to vacate, modify, or correct an award so long as notice of such a challenge is served within three months after the award was made. In this case, the original arbitration award is dated June 20, 2012. *See* Petition, Doc. No. 1 ¶ 5. Therefore, the time for a challenge under § 12 has not expired. Second, a challenge to the arbitration award could also arguably be raised in *Physicians Insurance Capital, LLC, et al. v. Praesidium Alliance Group, LLC, et al.*, Case No. 4:12CV1789, wherein petitioner is a party defendant to an action seeking confirmation of the arbitration award. In that action, also before this Court, petitioner is represented by counsel who has sought and been granted leave, on behalf of all the defendants, to answer the First Amended Complaint by September 30, 2012. (*See*, Case No. 4:12CV1789, Doc. No. 15 and Non-document Order dated August 13, 2012.)

Accordingly, because a petition for writ of prohibition is not the appropriate vehicle for raising petitioner's challenge and because he is a represented party defendant in a related case before this Court seeking confirmation of the arbitration award, this action is

2

**DISMISSED**, without prejudice to any of petitioner's rights in Case No. 4:12CV1789 or under 9 U.S.C. § 12.

       **IT IS SO ORDERED**.

Dated: August 27, 2012

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**